1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  WILLIE E. BENNETT,              )  Civil No. 08-1877-LAB(LSP)
                                    )
12                  Petitioner,     )  REPORT AND RECOMMENDATION
                                    )  DENYING PETITION FOR WRIT
13  v.                              )  OF HABEAS CORPUS
                                    )
14  MICHAEL A. SMELOSKY, Warden,    )
                                    )
15                  Respondent.     )
    _____

16

17          On October 4, 2008, Petitioner Willie E. Bennett ("Peti-

18  tioner") filed a Petition for Writ of Habeas Corpus pursuant to 28

19  U.S.C. §2254.  Respondent Michael A. Smelosky ("Respondent") filed

20  an Answer to the Petition.  Petitioner did not file a Traverse to

21  Respondent's Answer.

22          The Court, having reviewed the Petition, Answer, and the

23  documents lodged therewith, finds that Petitioner is not entitled to

24  the relief requested and RECOMMENDS that the Petition for Writ of

25  Habeas Corpus be DENIED.

26  1.  <u>Factual and Procedural Background</u>

27          Petitioner was charged in three separate cases for various

28  narcotics and other offenses.  The California Court of Appeal found

1   the following facts:

2           a. <u>San Diego Superior Court Case No. SCD 195533</u>

3           On December 11, 2005, the police stopped Petitioner for a

4   seatbelt violation.  The police found several pieces of cocaine in

5   the driver's seat of Petitioner's car, over $1,000 mainly in one

6   dollar bills in Petitioner's pocket and 2.64 grams of cocaine in his

7   shoe.

8           b. <u>San Diego Superior Court Case No. 195273</u>[1]

9           On November 24, 2005, the police received an anonymous tip

10  that Petitioner was armed and selling drugs near 11th and G Streets

11  in the east village area of downtown San Diego.  The tipster

12  provided the police with a physical description of Petitioner and of

13  his vehicle, including its license plate.  Department of Motor

14  Vehicles records indicated that the vehicle, a gold four-door Nissan

15  Maxima, was registered to Petitioner.

16          Officer Matthew Botkin ("Botkin") spoke to two drug users who

17  told him that they had recently purchased drugs from a person named

18  "Blue" in the east village area.  Both gave a physical description

19  of the seller, which matched Petitioner's description. One drug user

20  stated that the seller drove a gold four-door car.

21          On November 29, 2005, Botkin saw Petitioner in his car parked

22  westbound on a street in the east village area.  There was another

23  person in the car.  Botkin drove by and then turned around to watch

24  Petitioner.  Botkin saw the passenger walking away from the car in

25  an eastbound direction, while Petitioner started to drive away.

26  Botkin suspected Petitioner had just sold drugs to the passenger,

27

28
---
[1]   The Court of Appeal noted that some of the facts for this case were
      taken from Petitioner's Motion to Suppress Evidence.

01CV1864

although it was possible that Petitioner was just dropping off the passenger.

Botkin stopped Petitioner's car and asked for Petitioner's license and registration. Petitioner's hands were shaking and he seemed nervous as he handed the license and registration to Botkin. Botkin asked Petitioner to step out of the car. He wanted to evaluate Petitioner to see if Petitioner was under the influence and to conduct a pat down search for weapons. At that time, Botkin knew that drug dealers are often armed, Petitioner had been convicted of violent crimes, and he had information that Petitioner was armed.

When Botkin attempted to conduct a pat down search, Petitioner resisted. After Petitioner was subdued, the police found a small piece of rock cocaine in plain view inside the car and another small piece of rock cocaine where Petitioner had been standing outside the car. Petitioner had several more pieces of rock cocaine on his person and a large amount of currency in his wallet. The police recovered about 2.53 grams of rock cocaine from the vehicle.

<u>San Diego Superior Court Case No. SCD198289</u>

On April 13, 2006, the police stopped Petitioner because his vehicle had an inoperable brake light. He was arrested for driving with a suspended license. The police found .05 gram of rock cocaine in the vehicle. Petitioner admitted to the police that he was out of jail on bail on another drug offense.

On April 17, 2006, the police detained Petitioner because it appeared he was selling drugs. When police attempted to handcuff him, he fled. He dropped a baggie containing 4.46 grams of cocaine. When the police caught Petitioner, they found .28 gram of cocaine in his pocket and a loaded gun in the trunk (of his car).

01CV1864

1  (Respondent's Lodgment No. 5 at 2-4)

2        On September 13, 2006, Petitioner entered consolidated guilty

3  pleas in the above-noted cases.  He plead guilty to the following

4  crimes: three counts of possession of cocaine base for purposes of

5  sale, sale and transportation of cocaine base, resisting an officer,

6  and possession of a firearm by a felon. (Respondent's Lodgment No.

7  1, Vol. 2 at 312, 391) Petitioner also admitted several sentence

8  enhancements including being on bail while committing some of the

9  offenses, prior narcotics crimes and two prior convictions for

10  serious or violent felonies, within the meaning of the Three Strikes

11  Law. (Respondent's Lodgment No. 5 at 1-2)

12        Prior to entering the consolidated guilty pleas, Petitioner

13  filed a Motion to Suppress the Evidence seized in his November 2005

14  arrest. (Respondent's Lodgment No. 1 at 196) After a hearing was

15  held on the Motion, the Motion was denied. (Respondent's Lodgment

16  No. 2 at 1,8, 49)

17        When Petitioner plead guilty to the above-noted charges, he

18  waived his right to appeal the denial of his Motion to Suppress.

19  (Respondent's Lodgment No. 5 at 4)

20        The Court imposed an aggregate determinate sentence of twelve

21  years imprisonment. (Respondent's Lodgment No. 1, Vol. 1 at 129)

22        Petitioner appealed the judgment, but his appointed counsel

23  filed a no-issue brief pursuant to People v. Wende 25 Cal. 3d 436

24  (1979) and Anders v. California 386 U.S. 738 (1967) (Respondent's

25  Lodgment No. 3) The Court of Appeal invited Petitioner to file a

26  personal supplemental brief, which he did. (Respondent's Lodgment

27  No. 4) The supplemental brief argued that the trial court erred in

28  denying his Motion to Suppress.  On April 4, 2008, the Court of

1   Appeal denied Petitioner's appeal. (Respondent's Lodgment No. 5) The
2   Court of Appeal noted that Petitioner's plea agreement specifically
3   waived any right to appeal the denial of the Motion to Suppress.
4   The Court also found that the Motion to Suppress was correctly
5   decided and that Petitioner's Fourth Amendments rights were not
6   violated.

7        Petitioner filed a Petition for Review with the California
8   Supreme Court.  On June 18, 2008, the Petition was denied without
9   comment. (Respondent's Lodgment No. 6)

10       On October 14, 2008, Petitioner filed the Petition for Writ
11  of Habeas Corpus that is now pending before this Court.   The
12  Petition raises the following claims: The police's stop, search and
13  seizure in his November 2005 arrest was in violation of his Fourth
14  Amendment rights.  Therefore the court should have suppressed any
15  evidence found during that arrest. These claims are the same as
16  those presented in the Motion to Suppress and to the Court of
17  Appeal.

18  2. <u>Petitioner's Fourth Amendment Claims Are Not Cognizable on</u>
19  <u>Federal Habeas Corpus Review</u>

20       Petitioner claims that the Superior and Appellate courts
21  erred in denying his Motion to Suppress and his appeal of that
22  denial.   Respondent argues that Petitioner's claims are not
23  cognizable in federal habeas corpus review because Petitioner had
24  the opportunity to litigate his Fourth Amendment claims pursuant to
25  Cal Penal Code §1538.5.

26       "[W]here the state has provided an opportunity for full and
27  fair litigation of a Fourth Amendment claim, a state prisoner may
28  not be granted federal habeas corpus relief on the ground that

evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976); Woolery v. Arave, 8 F.3d 1325, 1326 (9th Cir. 1993), cert. denied, 114 S. Ct. 1623 (1994); Terrovona v. Kincheloe, 912 F.2d 1176, 1177-78 (9th Cir. 1990), cert. denied, 499 U.S. 979 (1991).

The relevant inquiry is whether the petitioner had the opportunity to litigate his claim, not whether the petitioner did in fact do so, *or even whether the claim was correctly decided.* Ortiz-Sandoval v. Gomez 81 F.3d 891, 899 (9th Cir. 1996), Stephens v. Attorney General of California 23 F.3d 248, 249 (9th Cir. 1994), Gordon v. Duran 895 F.2d 610-613-14 (9th Cir. 1990) (emphasis added)

Under California law, a criminal defendant can litigate his Fourth Amendment claim under California Penal Code § 1538.5. California's § 1538.5 procedure provides a full and fair opportunity for a defendant to litigate his Fourth Amendment claims. Gordon 895 F.2d at 613. Since Petitioner had an opportunity to litigate his Fourth Amendment claims under §1538.5, he is not entitled to federal habeas corpus relief.

Moreover, the record presented in this case demonstrates that Petitioner availed himself of the opportunity to litigate his Fourth Amendment claims. Petitioner filed a Motion to Suppress Evidence, pursuant to Cal. Penal Code § 1538.5. (Respondent's Lodgment No. 1 at 196) On March 8, 2006, a hearing was held on Petitioner's Motion. Petitioner's Motion was denied. (Respondent's Lodgment No. 2 at 1, 8, 49) Since Petitioner was not only provided and fair opportunity to litigate his Fourth Amendment claim, and in fact availed himself of that opportunity, he is not entitled to habeas corpus relief. Therefore, the Court RECOMMENDS that Petitioner's claim be DENIED.

01CV1864

<u>CONCLUSION AND RECOMMENDATION</u>

After a review of the record in this matter, the undersigned Magistrate Judge recommends that the Petition for Writ of Habeas Corpus be DENIED with prejudice.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

IT IS ORDERED that no later than <u>May 4, 2009</u>, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than <u>May 18, 2009</u>. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


DATED:  April 3, 2009

_____
Hon. Leo S. Papas
U.S. Magistrate Judge

01CV1864